1

2

3

4        UNITED STATES DISTRICT COURT

5        EASTERN DISTRICT OF WASHINGTON

6    RALPH HOWARD BLAKELY,

7                        Petitioner,          NO:  2:16-CV-0379-TOR

8        v.                                   ORDER TO PROCEED *IN FORMA PAUPERIS*, ORDER DISMISSING PETITION, AND ORDER REVOKING *IN FORMA PAUPERIS*

9    LINDA G. TOMPKINS,

10                       Respondent.

11       Petitioner, a *pro se* prisoner at the Stafford Creek Corrections Center, seeks *in*

12   *forma pauperis* status to file a "Common Law Petition for Writ of Habeas Corpus"

13   pursuant to 28 U.S.C. § 2241.

14                        ***IN FORMA PAUPERIS***

15       Because it appears Petitioner presently lacks sufficient funds to prosecute this

16   action, *see* ECF Nos. 2, 3, IT IS ORDERED the Clerk of Court shall file the Petition

17   without payment of the $5 filing fee.

18                        **NEXT FRIEND**

19       Fellow inmate Alvin Hegge seeks "next friend" standing to represent the

20   interests of Petitioner.  *See Whitmore v. Arkansas*, 495 U.S. 149, 164 (1990)

ORDER TO PROCEED *IN FORMA PAUPERIS*, ORDER DISMISSING
PETITION, AND ORDER REVOKING *IN FORMA PAUPERIS* ~ 1

(standing is jurisdictional and the burden is on the next friend to establish the propriety of his or her status).  A would-be next friend must show: (1) that the petitioner is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability; and (2) the next friend has some significant relationship with, and is truly dedicated to the best interests of, the petitioner. *Massie ex rel. Kroll v. Woodford*, 244 F.3d 1192, 1194 (9th Cir. 2001) (*citing Whitmore*, 495 U.S. at 163-65).  Alvin Hegge has not met these requirements.

It is asserted that Petitioner is an "incapacitated person" as a matter of law, but not as a matter of fact, who was forced to send his "legal documents and records underlying his conviction out of the institution," and that the Department of Corrections "does not provide an adequate alternative to the legal assistance of Alvin Hegge." (ECF No. 1 at 37).  These allegations are woefully insufficient.  Fellow inmate Alvin Hegge is not qualified to assert next friend standing, is not permitted to appear in this case, and he may not make any filings on Petitioner's behalf.

Because Petitioner signed his petition, the Court will proceed to evaluate it.

## CURRENT PETITION

In the present action, Petitioner challenges a 1999 adjudication of "incapacity" in a civil trust and marriage dissolution proceedings in Spokane County.  He argues that the finding of "incapacity" in those civil proceedings deprived Grant County of jurisdiction to prosecute subsequent criminal proceedings against him.  (ECF No. 1

1    at 1-3). Petitioner seeks two forms of relief.  He seeks the return of his assets and

2    release from incarceration.  *Id*. at 51.

3        28 U.S.C. § 2254 is the exclusive avenue for a state prisoner to challenge the

4    constitutionality of his detention. *White v. Lambert*, 370 F.3d 1002, 1007 (9th Cir.

5    2004), overruled on other grounds by *Hayward v. Marshall*, 603 F.3d 546 (9th Cir.

6    2010) (en banc), overruled on other grounds by *Swarthout v. Cooke*, 562 U.S. 216

7    (2011).  Therefore, the Clerk of Court shall re-designate the cause of action as a

8    Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28

9    U.S.C. § 2254.

10                                **EXHAUSTION**

11        Petitioner contends, but has not shown, that his claims "were presented to a

12    full round of the State appellate courts below."  ECF No. 1 at 1.  Petitioner explains

13    that on March 31, 2016, the Washington Supreme Court transferred his "Common-

14    Law Petition for Writ of Habeas Corpus" to the Division III Court of Appeals.  ECF

15    No. 1-1 at 1.  Next, the Washington Court of Appeals Division III dismissed his

16    petition on June 6, 2016.  *Id*.  However, Petitioner does not allege or show that the

17    Washington Supreme Court denied review of that subsequent decision, thus,

18    Petitioner has not exhausted his state remedies, even though he recognizes

19    exhaustion is required.  *Id*. at 15-18.

20    //

ORDER TO PROCEED *IN FORMA PAUPERIS*, ORDER DISMISSING
PETITION, AND ORDER REVOKING *IN FORMA PAUPERIS* ~ 3

**IMPROPER RESPONDENT**

Petitioner did not name a proper party as Respondent to this action.    A petitioner for habeas corpus relief must name the state officer having custody of him as the respondent to the petition.  Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts; *Stanley v. California Supreme Court,* 21 F.3d 359, 360 (9th Cir. 1994). As Petitioner recognizes, this person typically is the warden of the facility in which the petitioner is incarcerated.  ECF No. 1-1 at 21; *see also Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992).

Petitioner explains that he named the Superior Court Judge because she has rendered his "competent legal personage non-existent, the legal force and effect thereof makes Spokane Superior Court Judge Tompkins the exclusive keeper of [his] 'incapacitated person' legal personage as matter of law."  ECF No. 1-1 at 21.

Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction.  *Id.*; *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989).

**ALLEGATIONS**

In essence, Petitioner makes two related arguments.  First, he contends that the Superior Court failed to comply with jurisdictional procedural due process mandates when it declared him an "incapacitated person."  ECF No. 1 at 2.  Second, he contends that his subsequent Grant County Superior Court criminal trial and

ORDER TO PROCEED *IN FORMA PAUPERIS*, ORDER DISMISSING PETITION, AND ORDER REVOKING *IN FORMA PAUPERIS* ~ 4

conviction are null and void because he was tried and convicted while being under the exclusive jurisdiction of the Spokane County Superior Court "incapacitated person" legal personage. *Id.*

In 1999, a guardian ad litem was appointed pursuant to state law to safeguard Petitioner's interests in civil trust and marriage dissolution proceedings. *See In re Marriage of Blakely,* 111 Wash. App. 351, 359 (2002), *review denied,* 148 Wash.2d 1003 (2003).    Petitioner accuses a Superior Court Judge of determining that Petitioner was an "incapacitated person" without due process of law and then issuing fraudulent court orders distributing assets and property from a family trust, directing payments to attorneys from that trust, and directing the establishment of a special needs trust that deprived Petitioner of control over his finances.  (ECF Nos. 1 at 10-27; 1-2 at 50 (The Superior Court's Order specifically provided: "The Court's findings and conclusions in this case shall have no precedential or preclusive effect on any other civil or criminal proceeding involving Ralph H. Blakely, Jr. and the matters at issue therein.").

Petitioner's argument that the guardian ad litem adjudication was made in violation of due process has been rejected by the Washington State Court of Appeals, Division III, in 2002.  *See In re Marriage of Blakely,* 111 Wash. App. at 360.  This Court is precluded from exercising appellate jurisdiction over the decisions of the Washington state courts.  *See District of Columbia Court of Appeals v. Feldman,*

460 U.S. 462 (1983) (holding that federal district courts may not exercise appellate jurisdiction over state court decisions); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).  This rule applies even when the challenge to the state court's action involves federal constitutional issues.  *See Feldman*, 460 U.S. at 484-86; *Worldwide Church of God v. McNair*, 805 F.2d 888, 892-93 (9th Cir. 1986).  Therefore, pursuant to the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction over Petitioner's challenge to the guardian ad litem appointment.

Petitioner also seeks release from incarceration, contending "the Grant County Superior Court did not have competent jurisdiction to change the 'incapacitated person' status found by [the] Spokane County Superior Court Judge." ECF No. 1-1 at 12.  Capacity for purposes of a guardianship and capacity to be tried for crimes are two separate legal concepts.  Indeed, as the Washington Court of Appeals observed in its decision in 2002, "[t]he fact that a jury found him competent to stand trial on criminal charges a year after the GAL was appointed and four months after settlement of the trust and dissolution proceedings is not relevant to the issue of Mr. Blakely's competence at the time of the trust and dissolution litigation." ECG No. 1-3 at 70; *In re Marriage of Blakely*, 111 Wash. App. at 359.  Certainly, the corollary is also true.

This Court lacks jurisdiction over Petitioner's untimely, unexhausted, and jurisdictionally defective allegations.

ORDER TO PROCEED *IN FORMA PAUPERIS*, ORDER DISMISSING PETITION, AND ORDER REVOKING *IN FORMA PAUPERIS* ~ 6

## SUMMARY DISMISSAL

Rule 4 of the Rules Governing Section 2254 Cases provides for the summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Here, it is abundantly clear that Petitioner is not entitled to federal habeas relief.

Accordingly, the Petition is **DISMISSED without prejudice.**

## REVOCATION OF IN FORMA PAUPERIS STATUS

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is satisfied when an individual "seeks appellate review of any issue not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. Accordingly, the Court hereby revokes Petitioner's *in forma pauperis* status. If Petitioner intends to pursue an appeal, he must pay the requisite filing fee.

//

//

ORDER TO PROCEED *IN FORMA PAUPERIS*, ORDER DISMISSING PETITION, AND ORDER REVOKING *IN FORMA PAUPERIS* ~ 7

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Petitioner's Application to Proceed *In Forma Pauperis* is **GRANTED**, the Clerk of Court shall file the Petition without payment of the filing fee.

2. Alvin Hegge is not permitted to appear in this case, and he may not make any filings on Petitioner's behalf.

3. The Clerk of Court shall re-designate this cause of action as a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254.

4. The Petition is **DISMISSED without prejudice.**

5. The Court **REVOKES** Petitioner's *in forma pauperis* status.

6. The Court further certifies that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

The Clerk of Court shall enter this Order, enter judgment, provide copies to Petitioner, and CLOSE the file.

**DATED** December 19, 2016.



THOMAS O. RICE
Chief United States District Judge

ORDER TO PROCEED *IN FORMA PAUPERIS*, ORDER DISMISSING
PETITION, AND ORDER REVOKING *IN FORMA PAUPERIS* ~ 8